UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ANNE SEPAR,                                           NOT FOR PUBLICATION

                        Plaintiff,

                                                      **MEMORANDUM & ORDER**
               v.                                     11-CV-2668 (PKC)

NASSAU COUNTY DEPARTMENT OF SOCIAL
SERVICES, THE COUNTY OF NASSAU, and
JOHN IMHOF, Individually,

                        Defendants.

-----------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

       Presently before the Court is the motion for summary judgment of Defendants Nassau

County Department of Social Services ("DSS"), Nassau County, and Jim Imhof (collectively,

"Defendants").  In this action, Plaintiff Anne Separ, a DSS employee since 1987, alleges that

Defendants discriminated against her based on her gender and age, and retaliated against her

based on her prior complaints and lawsuits against the agency, by not promoting her first in

February 2008 and again in October 2008.  (Dkt. 15.)  Because Plaintiff waived any pre-June

2008 claims as part of a previous settlement with Defendants, her gender and age discrimination

claims as to the February 2008 non-promotion are dismissed.  However, her discrimination and

retaliation claims relating to her October 2008 non-promotion may proceed to trial because there

are genuinely disputed issues of material fact upon which a rational jury could conclude that

Defendants denied Plaintiff a promotion in October 2008 based on a discriminatory or retaliatory

motive.  Defendants' motion is, therefore, granted, in part, and denied, in part.

*BACKGROUND*

Plaintiff Anne Separ has been employed by DSS since 1987. (Def. St. ¶ 1.)[1] Plaintiff currently is employed by DSS as a "Child Support Investigator II ("CSI II"), a position she has held for more than 20 years. (Def. St. ¶¶ 12, 13.)

I.      Plaintiff's History of Litigation Against Defendants

Plaintiff has been involved in employment litigation with Defendants in the past. In 1996, Plaintiff sued Nassau County for discrimination and retaliation in connection with her diagnosis of breast cancer. As a result of a jury verdict, Plaintiff was awarded damages on her retaliation claim. (Def. St. ¶ 19.) In 2003, Plaintiff again sued Nassau County, alleging retaliation based on a re-assignment to another position when she returned to work following her first lawsuit. (Def. St. ¶ 20.) The parties resolved the 2003 litigation via a stipulation of settlement, which was placed on the record before the Honorable Leonard D. Wexler on June 2, 2008. (Def. St. ¶ 21.)

The June 2008 stipulation of settlement included a release by Plaintiff of *all* claims with respect to Defendants at the time of the stipulation. (Def. St. ¶ 22; Dkt. 46-5 ¶ 4.) Moreover, the stipulation also included what now appears to be a prescient waiver pertinent to the instant litigation:

> In the event that Plaintiff is non [sic] selected for the position of Child Support Investigator III from the 2/28/08 certified list (hereinafter referred to as "Certified List"), for any permissible reason as defined by Civil Service Law and any and all applicable case law, Plaintiff hereby acknowledges that non-selection is based upon non[-]discriminatory reasons and considerations, and expressly waives all rights associated with any future claims, actions, litigations, in law and/or in equity based upon this non-selection. Plaintiff acknowledges that the evaluation

---

[1] Unless otherwise noted, the factual statements set forth herein are undisputed and are taken from Defendant's Statement of Undisputed Material Facts pursuant to Local Rule 56.1 ("Rule 56.1") (Dkt. 53) ("Def. St.").

of candidates and selection from the Certified List shall be conducted by individuals not previously a subject (individually named defendants and/or previous supervisors and/or co-workers) to the 2001 Federal Lawsuit (docket no. 01-CV-0112) and/or the 2005 Federal Lawsuit (docket no. 05-CV-5243).

(Dkt. 46-5 ¶ 14.)

## II.    February 2008 Non-Promotion

In late 2007, Defendants provisionally appointed Maria Lasurdo to the position of CSI III.  (Def. St. ¶ 23.)  That provisional appointment triggered an exam for that position, for which Plaintiff sat.  (Def. St. ¶¶ 24–25.)  Defendants used the exam results to establish a list of candidates for the permanent CSI III position, and Plaintiff was tied for first place on the list along with two other candidates.[2]  (Def. St. ¶ 26.)  Under DSS's regulations, an individual who is provisionally promoted to a position and scores in the top three on the promotional list must be permanently appointed to that position. (Plaintiff's 56.1 Statement ("Pl. St.)" Dkt. 48 ¶ 24.1.)  Maria Lasurdo was permanently appointed to the CSI III in February 2008.  (Def. St. ¶ 28.)

## III.    October 2008 Non-Promotion

In the fall of 2008, several months after Lasurdo's promotion, Plaintiff, along with approximately 30 other employees, lodged a formal complaint that Defendants' failure generally to promote more candidates amounted to discrimination.  (Def. St. ¶ 29; Dkt. 47-10.)  Although the parties' submissions are not clear on the issue, it appears that in response to the complaint, on or about October 21, 2008, DSS obtained budget approval to promote one employee from CSI II to CSI III.  (Pl. St. ¶ 30.3.)  On October 27, 2008, Michael Spears, an African-American male who was approximately 43-years-old at the time, was selected for the promotion.  (Pl. St. ¶¶

---

[2] Neither party states, or provides any evidence indicating, whether Lasurdo was one of the top three candidates.  (*See* Def. St. 18.)

30.4, 30.5.) Spears was one of the employees who had joined the Fall 2008 complaint of discrimination. (Def. St. ¶¶ 29, 40; Dkt. 47-10.)

IV.    Instant Lawsuit

Plaintiff timely initiated this action via a *pro se* complaint on June 3, 2011, alleging employment discrimination under state and federal statutes. (Dkt. 1.) Plaintiff's amended complaint, submitted by her subsequently retained counsel, asserts two causes of action for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the New York State Human Rights Law § 290. (Dkt. 15 ¶¶ 30–31.) Specifically, the amended complaint asserts a claim for retaliation in connection with her February 2008 non-promotion, and claims of gender and age discrimination, and retaliation, in connection with her October 2008 non-promotion. (Dkt. 15 ¶¶ 30–31.)

*SUMMARY JUDGMENT LEGAL STANDARD*

Summary judgment may be granted only if the submissions of the parties taken together show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–252 (1986). "The moving party bears the burden of establishing the absence of any genuine issue of material fact," *Zalaski v. City of Bridgeport Police Department*, 613 F.3d 336, 340 (2d Cir. 2010); *see Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006), after which the burden shifts to the nonmoving party to "come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011); *see also F.D.I.C. v. Great American Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010). A

dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The nonmoving party can only defeat summary judgment "by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in [its] favor, to establish the existence of" a factual question that must be resolved at trial. *Spinelli v. City of N.Y.*, 579 F.3d 160, 166 (2d Cir. 2009) (internal quotations and citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (alterations in original); *see also Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 56–57 (2d Cir. 2012); *Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005). The nonmoving party cannot avoid summary judgment simply by relying "on conclusory allegations or unsubstantiated speculation," *Jeffreys*, 426 F.3d at 554 (quotations and citations omitted); *see also DeFabio v. East Hampton Union Free Sch. Dist.*, 623 F.3d 71, 81 (2d Cir. 2010); and must offer "some hard evidence showing that its version of the events is not wholly fanciful." *Miner v. Clinton Cnty.*, 541 F.3d 464, 471 (2d Cir. 2008). In determining whether a genuine issue of fact exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008).

The Second Circuit has provided additional guidance with respect to motions for summary judgment in employment discrimination cases:

> We have sometimes noted that an extra measure of caution is merited in affirming summary judgment in a discrimination action because direct evidence of discriminatory intent is rare and such intent often must be inferred from circumstantial evidence found in affidavits and depositions. *See, e.g., Gallo v.*

*Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).  Nonetheless, "summary judgment remains available for the dismissal of discrimination claims in cases lacking genuine issues of material fact," *McLee v. Chrysler Corp.*, 109 F.3d 130, 135 (2d Cir. 1997).

*Schiano v. Quality Payroll Sys.*, 445 F.3d 597, 603 (2d Cir. 2006) (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001)); *see also Abdu–Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) ("It is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases.").  "However, even in the discrimination context, a plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment."  *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997).

## *DISCUSSION*

I.      Plaintiff's Waiver of Her Claim Regarding the February 2008 Non-Promotion

As part of Plaintiff's June 2008 settlement with Defendants, she expressly agreed to release all existing claims with respect to Defendants at the time of the stipulation.  (Dkt. 46-5 ¶ 14.)  Plaintiff, therefore, has waived via the settlement her retaliation claim relating to the February 2008 non-promotion in this case.

Furthermore, Plaintiff has waived any argument with respect to that release by failing to respond to Defendants' arguments on that issue in the present motion.  Defendants argue that Plaintiff's claims regarding any conduct prior to the June 2008 stipulation of settlement are barred by Plaintiff's waiver contained therein.  (Dkt. 46-12 at 6–7; Dkt. 46-13 at 2–3.)  Plaintiff does not oppose the motion on this basis.  Indeed, the only argument Plaintiff makes in opposing the motion concerns the October 2008 non-promotion.  (*See* Dkt. 52 at 5–24.)  Accordingly,

Plaintiff's claim of retaliation relating to the February 2008 non-promotion has been waived, and is dismissed.[3]

## II.    *McDonnell Douglas* Framework

With respect to the October 2008 non-promotion, Plaintiff alleges both that Defendants engaged in discriminatory and retaliatory conduct by not promoting her to the open CSI III position.  (Def. St. ¶ 29; Dkt. 1 ¶ 31.)[4]  In the absence of direct evidence of discrimination, Plaintiff's discrimination and retaliation claims are evaluated according to the well-established framework set forth by the Supreme Court in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973).  *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985) ("[T]he *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination."); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("[U]nder a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima

---

[3] Importantly, although the Court dismisses Plaintiff's February 2008 non-promotion claim, that does not mean conduct pre-dating the June 2008 settlement is irrelevant to Plaintiff's remaining retaliation and discrimination claims concerning the October 2008 non-promotion.  Evidence concerning a plaintiff's retaliation claims may include evidence relating to claims that are waived, barred, or otherwise stipulated out of an action.  *See DeNigris v. New York City Health and Hosps. Corp.*, 861 F. Supp. 2d 185, 191 (S.D.N.Y. 2012) (citing *Petrosino v. Bell Atl.*, 385 F.3d at 220 (itself quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)) ("Of course, evidence of acts of discrimination for which recovery is time-barred may constitute relevant background evidence in support of a timely claim and we will consider it as such.") (quotations omitted).

[4] Although the parties do not address this issue, it should be noted that the June 2008 settlement's provision barring Plaintiff from *prospectively* suing Defendants for employment discrimination, *see supra* at 6, *does not* preclude Plaintiff's October 2008 non-promotion claims.  It is clearly established law that prospective waivers of an employee's rights under Title VII are void as a matter of public policy.  *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 51 (1974) ("[W]e think it clear that there can be no prospective waiver of an employee's rights under Title VII. . . . Title VII's strictures are absolute and represent a congressional command that each employee be free from discriminatory practices.  . . . In these circumstances, an employee's rights under Title VII are not susceptible of prospective waiver.").

facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case. For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case.").

III.    Plaintiff's Claim of Gender and Age Discrimination

    a. *Prima Facie* Case

Under the *McDonnell Douglas* framework, a plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. A *prima facie* case is established where a plaintiff shows that "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000).

There is no dispute in this case as to the first three prongs. First, Plaintiff, a woman, who is older than the man promoted to the CSI III position, is a member of the protected classes of gender and age. Second, the parties do not dispute that she is qualified for the CSI III position. Indeed, Plaintiff was tied with two other employees for first place on the promotion list. (Def. St. ¶ 26.) Third, there is no dispute that the failure to promote constitutes an adverse employment action. *See Bush v. Fordham Univ.*, 452 F. Supp. 2d 394, 408 (S.D.N.Y. 2006); *Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 57 (2d Cir. 2004) (holding that failure to promote is an adverse employment action).

With respect to the fourth prong, Plaintiff has sustained her low burden of proffering facts sufficient to show that her non-promotion occurred under circumstances permitting an inference of discrimination. *See Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012) (describing Plaintiff's burden to establish a *prima facie* case of discrimination as "minimal") (citing *Holcomb v. Iona College*, 521 F.3d 130, 138 (2d Cir. 2008)). Generally, a plaintiff can

establish the fourth prong of the *prima facie* case where the position sought was given to a person outside the plaintiff's protected class. *See De la Cruz v. New York City Human Resources Admin. Dep't of Social Servs.*, 82 F.3d 16, 20 (2d Cir. 1996) ("As a Puerto Rican, de la Cruz is a member of a protected class. Because [plaintiff] was replaced by a black female, he also satisfies the fourth prong of the *prima facie* case."); *Singleton v. Fed. Bureau of Prisons*, 2006 WL 1329712, at \*5 (E.D.N.Y. May 16, 2006) (finding that *prima facie* case established where position sought "went to individuals not members of [plaintiff's] protected class"). Accordingly, because the CSI III position was given to Spears, a male who is younger than Plaintiff, Plaintiff has satisfied her minimal burden of establishing a *prima facie* case of gender and age discrimination.

b. Non-Discriminatory Justification

Plaintiff having established a *prima facie* case of discrimination, Defendants may proffer a legitimate, non-discriminatory justification for not promoting Plaintiff. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). Defendants have done so. Defendants state that Plaintiff was not promoted because another, more qualified individual was promoted instead. (Dkt. 46-12 at 1.) Promoting another, more qualified individual is a legitimate, non-discriminatory justification for not promoting a plaintiff.[5] *See Terry v. Ashcroft*, 336 F.3d 128, 140 (2d Cir. 2003) (noting that the promotion of other, more qualified candidates constitutes a valid, non-discriminatory justification for non-promotion). Accordingly, Defendants have satisfied their burden of production to proffer a non-discriminatory reason for not promoting Plaintiff.

---

[5] Moreover, Plaintiff herself acknowledged that at least one other, qualified individual was worthy of promotion as well, although that individual was likewise not selected for promotion. (Pl. St. ¶ 32.1.)

c. <u>Pretext</u>

At this stage of the *McDonnell Douglas* inquiry, the presumption arising from Plaintiff's *prima facie* case simply drops out of the picture and the only remaining question is discrimination "vel non." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 402–03 (2d Cir. 1998); *O'Diah v. Yogo Oasis*, 954 F. Supp. 2d 261, 273 (S.D.N.Y. 2013) ("In other words, the burden shifts back to the plaintiff to prove that 'discrimination was the real reason for the employment action.'"). In establishing discrimination, Plaintiff may rely solely on the evidence concerning her *prima facie* case, or may proffer additional evidence tending to show that Defendants' non-discriminatory justification is mere pretext, and that the true reason for her non-promotion is discrimination. *Id.*

Although neither party discusses the "best qualified" standard established in *Byrnie v. Town of Cromwell, Board of Education*, 243 F.3d 93, 103 (2d Cir. 2001), the Court finds that this standard applies to Plaintiff's discrimination claims regarding the October 2008 non-promotion. In *Byrnie*, the Second Circuit held that, in rebutting an employer's justification for not promoting an employee, a plaintiff must prove that "the plaintiff's credentials [were] so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff[.]" 243 F.3d at 103 (internal citation omitted); *see Lukasiewicz-Kruk v. Greenpoint YMCA*, 07-CV-2096(ARR), 2009 WL 3614826, at *2 (E.D.N.Y. Oct. 30, 2009) ("'To rebut a non-discriminatory justification for an alleged failure to promote, a plaintiff must show not only that she was minimally qualified for a position, but also that she was the best qualified for that

position using the employer's stated hiring criteria.'") (quoting *Ellenbogen v. Project Video Servs. Inc.*, 2001 WL 736774, at *7 (S.D.N.Y. June 29, 2001)).[6]

However, Plaintiff implicitly acknowledges this standard to the extent she argues that Defendants have not presented adequate evidence to support their determination that Spears was the "best candidate." (Dkt. 52 at 8–17.) She also argues that the inconsistent testimony of Defendants' witnesses reveals the falsity of their proffered reasons for promoting Spears over Plaintiff. (Dkt. 52 at 14–17, 22–24.)

Plaintiff offers evidence demonstrating that her qualifications were superior to Spears's in October 2008, including the facts that Spears never worked in the relevant unit, had no prior family court experience, lacked adequate knowledge of the position and department, lacked relevant accounting experience, and had less overall experience than Plaintiff. (*See* Pl. St. ¶ 38; Dkt. 52 at 8–14.)

By contrast, Defendants do not cite any evidence showing that Spears's credentials were superior to Plaintiff's. Defendants do not even state whether Spears was one of the promotion candidates tied for first with Plaintiff on the promotion list. Defendants' primary proffered basis for Spears's promotion is his stronger interview performance as compared to Plaintiff's. (Def. St. ¶¶ 36–37.) Plaintiff, however, argues that this subjective criterion of Spears's stronger interview performance is also pretextual. (Dkt. 52 at 9.) In fact, the only basis for Defendants'

---

[6] The "best qualified" standard does not apply to cases where the alleged discrimination is based on something more than a discrepancy in qualifications. *See Abrams v. Dep't of Pub. Safety*, --- F.3d ----, 2014 WL 4191178, at *7 (2d Cir.), as amended (Aug. 26, 2014) (declining to apply "best qualified" standard where plaintiff's "non-assignment to the [position sought] as well as [certain discriminatory statements] make this a case about more than mere 'discrepancy in qualifications' as was the case in *Byrnie*"). Here, although Plaintiff asserts that her discrimination claims are based both on a discrepancy in qualifications *and* retaliation (Dkt. 52 at 8–17), the retaliation she alleges gives rise to an entirely separate and distinct claim, and is not relevant to her gender or age discrimination claims.

claim that Plaintiff's interview performance was poor is that Plaintiff "did not answer []

questions as to what [Plaintiff] thought would be good for the unit or how [Plaintiff] would

handle things." (Def. St. ¶ 36.) Yet, Defendants point to no evidence that Spears's interview

performance or other subjective criteria were so superior to Plaintiff's as to preclude a finding of

pretext. Indeed, Defendants do not cite any evidence regarding the substance of Spears's

interview, but only argue that Plaintiff's interview was so deficient as to justify Spears's

promotion. (Def. St. ¶¶ 36–37.)

Thus, although the Court's role is not that of a "super personnel department that second

guesses employers' business judgments," *Byrnie*, 243 F.3d at 103 (citations omitted), the record

before the Court does not preclude a reasonable fact finder from concluding that Defendants'

proffered non-discriminatory reasons for promoting Spears over Plaintiff are pretextual, and that

the real reason for Plaintiff's non-promotion was gender and/or age discrimination. Accordingly,

disputed issues of material fact exist, precluding summary judgment and requiring a trial with

respect to Plaintiff's claim of discrimination with respect to the October 2008 non-promotion.

IV.    Retaliation

    a.   *Prima Facie* Case

As to Plaintiff's retaliation claim, under *McDonnell Douglas*, Plaintiff must establish a

*prima facie* case of retaliation by demonstrating that (1) she engaged in a protected activity; (2)

the employer was aware of this activity; (3) the employer took adverse action against the

plaintiff; and (4) there is a causal connection between the protected activity and the alleged

adverse action. *See Spencer v. Int'l Shoppes, Inc.*, 902 F. Supp. 2d 287, 293–94 (E.D.N.Y. 2012)

(citing *Kessley v. Westchester Cnty. Dep't of Social Servs.*, 461 F.3d 199, 205–06 (2d Cir.

2006)). With respect to the fourth element, causation, Plaintiff must demonstrate that "her

protected activity was a *but-for* cause of the alleged adverse action by the employer." *Univ. of Texas Southwestern Med. Ctr. v. Nassar*, -- U.S. --, 133 S. Ct. 2517, 2435 (2013) (emphasis added).

As with Plaintiff's discrimination claims, there is no dispute as to the first three prongs of Plaintiff's retaliation claim: (1) Plaintiff engaged in a protected activity in the form of her prior lawsuits and her complaint regarding Defendants' discriminatory non-promotion of qualified employees; (2) Defendants were aware of this activity; and (3) Plaintiff was not promoted in October 2008, which constitutes an adverse employment action. The only dispute is in connection with the fourth prong, *i.e.*, whether the circumstances of Plaintiff's non-promotion permit an inference of "but-for" causation between Plaintiff's involvement in protected activity and her October 2008 non-promotion. Plaintiff's burden to establish a *prima facie* case, which is "minimal," can be met by proffering evidence of a close temporal connection between the protected activity and the adverse employment action. *See Smith v. Town of Hempstead Dep't of Sanitation Sanitary Dist. No. 2*, 798 F. Supp. 2d 442, 457 (E.D.N.Y. 2011) ("The temporal proximity of events may give rise to an inference of retaliation for the purposes of establishing a prima facie case of retaliation[.]") (citing *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010)).

Here, Plaintiff submitted a complaint, along with numerous other employees, within two months prior to her non-promotion. (Dkt. 47-10.) Although the Second Circuit has not expressly articulated the outer limit of time that will support an inference of retaliation, two months is well within that boundary. *See*, *e.g.*, *Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 45–46 (2d Cir. 1980) (finding an eight-month gap in protected activity and adverse action sufficient to support an inference). Accordingly, under these circumstances, Plaintiff has established a

*prima facie* case of retaliation based on the temporal nexus between the protected activity and adverse employment action.

      b.  Non-Discriminatory Justification

As with Plaintiff's discrimination claims, Defendants offer an adequate non-discriminatory justification for not promoting Plaintiff to the CSI III position in October 2008. Defendants argue that other individuals were more qualified and performed better during interviews for the position, including Spears who ultimately was promoted. (Def. St. ¶¶ 33–37.) *Cf. Terry*, 336 F.3d at 140 (noting that the promotion of other, more qualified candidates constitute a valid, non-discriminatory justification for non-promotion). Moreover, and although Defendants' burden is only one of production at this stage, the fact that Spears also joined in Fall 2008 discrimination complaint lends further credence to Defendants' contention that the promotion of Spears over Plaintiff was not in retaliation for Plaintiff's participation in lodging that complaint.

      c.  Pretext

Despite Defendants' stated justifications, however, a reasonable factfinder could conclude that a retaliatory motive was a but-for cause of Plaintiff's non-promotion based on Plaintiff's lengthy history of engaging in protected activity. Since 1996, Plaintiff has twice sued Defendants for employment discrimination and/or retaliation, and has recovered from Defendants both times, once through a jury verdict and the second time by settlement. (*See* Dkt. 46-3; Dkt. 46-4 at 6.) Under the totality of the circumstances, a reasonable factfinder could conclude that Plaintiff's history of complaints and engaging in litigation with Defendants was a but-for cause of Plaintiff's non-promotion in October 2008, especially given the evidence of Plaintiff's qualifications for the CSI III position.

Indeed, a rational factfinder could conclude that Defendants' proffered reason, *i.e.*, that other candidates, including Spears, were more qualified than Plaintiff, is pretextual based upon Spears's qualifications and experience as compared to Plaintiff's. As previously discussed, although Defendants claim Spears was the more qualified candidate, the record reflects evidence that Spears (1) never worked in the relevant unit; (2) had no experience working in family court; (3) had limited accounting experience; and (4) did not possess the same level of knowledge of the position or of the department as did Plaintiff. (*See* Pl. St. ¶ 38.) *See, e.g.*, *Byrnie*, 243 F.3d at 103 ("[A]n employer's disregard or misjudgment of a plaintiff's job qualifications may undermine the credibility of an employer's stated justification for an employment decision.").

Defendants argue that their proffered reasons are not pretextual and their motives were not retaliatory for one primary reason: Spears himself joined in the same complaint that Plaintiff argues is the reason Defendants retaliated against her. (Dkt. 46-12 at 1.) Indeed, this argument has persuasive force; it seems implausible that an employer would retaliate against one employee for making a complaint while promoting another who made the same complaint. Although Spears's promotion despite his joining the Fall 2008 complaint makes it unlikely that Defendants possessed a retaliatory motive *with respect to that complaint*, a factfinder could reasonably conclude that Defendants possessed a retaliatory motive with respect to Plaintiff's *other* prior complaints and her entire history of litigation with Defendants. Spears's qualifications are not so superior to Plaintiff's as to preclude a finding that Defendant's proffered non-discriminatory reasons for not promoting Plaintiff are pretext for Defendants' retaliation against Plaintiff for her history of complaints and lawsuits against them.

In sum, there remain genuine disputes as to material facts relating to Plaintiff's retaliation claim in connection with the October 2008 non-promotion that preclude summary judgment in Defendants' favor.

## *CONCLUSION*

For the reasons stated above, Defendants' motion for summary judgment is granted, in part, and denied, in part. Plaintiff's retaliation claim relating to the February 2008 non-promotion is dismissed. However, Plaintiff's discrimination and retaliation claims relating to the October 2008 non-promotion remain.

The parties are directed to file a joint pretrial order that complies with the Court's Individual Practices and Rules by October 10, 2014.

SO ORDERED:


   /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge


Dated: September 9, 2014
       Brooklyn, New York